UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALINDA ODISHO,

        Plaintiff,                                  Case No. 2:17-cv-12941

v.

                                            HON. AVERN COHN

MACOMB COUNTY, ET AL.,

        Defendants.

_____/

**ORDER AND MEMORANDUM GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 48, 49)**

### I.   INTRODUCTION

This is a 42 U.S.C. § 1983 case. Plaintiff Malinda Odisho ("Plaintiff"), on behalf of the estate of decedent Daniel Byrd ("Byrd"), is suing Defendants Sherriff Anthony M. Wickersham ("Wickersham"), Undersheriff Lagerquist ("Lagerquist"), and Macomb County (collectively, "Defendants").[1] Plaintiff says that while Byrd was in the custody of the Macomb County Jail, Defendants failed to provide him with appropriate drug detoxification treatment and failed to prevent him from possessing narcotics, which ultimately led to Byrd's untimely death from an overdose.

Plaintiff's amended complaint is in two counts:

1. Conduct that shocks the conscience in violation of the Eighth and Fourteenth Amendment, actionable under 42 U.S.C. § 1983 (Doc. 10 - ¶36).

---

[1] Plaintiff also sued Correct Care Solutions, LLC, Dr. Lawrence Sherman, Tempitipe Olagbaiye, Joli Kirsch, Anthony Pasacaretti, Stacey Sledz, Mical Bey-Shelley, Linda Parton, C.D. Helhowski, C.D. Emmendorfer, and Sgt. Gornicki. However, these Defendants have since been dismissed without prejudice by stipulation between the parties. (Doc. 37, 47, 50).

    2. Failure to Protect Plaintiff and Deliberate Indifference to Plaintiff's Medical Care in violation of Eighth and Fourteenth Amendment, actionable under 42 U.S.C. § 1983 (Doc. 10 - ¶39).

Plaintiff requests damages in an amount exceeding $10,000,000.00 along with costs, interest, and attorney's fees.

Now before the Court are Defendants' Motions for Summary Judgment (Doc. 48, 49). For the reasons that follow, the motions will be GRANTED, and this case will be DISMISSED.

## II. BACKGROUND

*A. Procedural History*

Plaintiff originally named defendants Macomb County, Macomb County Jail, and Correct Care Solutions, LLC. Correct Care Solutions is a private corporation contracted by Macomb County to provide medical care to inmates. Later, Plaintiff filed an amended complaint that included the individual defendant employees of Macomb County and Correct Care Solutions. Defendant Macomb County Jail has since been dismissed without prejudice (Doc. 37). Additionally, the individual defendant employees,[2] as well as Correct Care Solutions, LLC, were dismissed from the case without prejudice (Doc. 47, 50). The remaining Defendants, Macomb County, Sherriff Wickersham, and Undersheriff Lagerquist, have now moved for summary judgment. (Doc. 48, 49).

---

[2] Dr. Lawrence Sherman, Tempitipe Olagbaiye, Joli Kirsch, Anthony Pasacaretti, Stacey Sledz, Mical Bey-Shelley, Linda Parton, C.D. Helhowski, C.D. Emmendorfer, and Sgt. Gornicki.

2

Plaintiff responded to Wickersham and Lagerquist's motion for summary judgment (Doc. 52).  However, Plaintiff did not responded to Macomb County's motion (Doc. 48).  At the motion hearing held on August 29, 2018, Plaintiff said that the failure to respond to Macomb County's motion was because Plaintiff concedes to the dismissal of Macomb County as a defendant, which includes the claims against Wickersham and Lagerquist in their official capacity.  Thus, for reasons stated on the record, Macomb County was granted summary judgment and dismissed from the suit.  Plaintiff acknowledged that the claims, as they now stand, are for individual liability against Wickersham and Lagerquist.

*B. The Record*

According to the amended complaint (Doc. 10), Byrd entered the custody of the Macomb County Jail on October 21, 2015.  Until October 23, 2015, Byrd was housed in a high-observation cell because he was exhibiting symptoms of "extreme drug/alcohol detoxification." Id.  On October 23, 2015, Byrd was moved into a mental health step-down unit.  On November 11, 2015, he was moved into the general jail population.

On the morning of November 13, 2015, Byrd was found unresponsive by jail staff and was pronounced dead soon after.  Plaintiff says Byrd died from a drug overdose "from various pharmacological agents, which he somehow was able to procure while under the care and custody of the Macomb County Jail." Id.  Plaintiff says that one of the pharmacological agents was methadone, a drug which Byrd should not have had access to while inside the jail.

There was an investigation of Byrd's death by the jail, the report says:

- When the officers came by, inmate Byrd would "snap out of it" and act like he was fine.

3

- Inmate Boyd [Byrd's cellmate] stated that when he moved out of the cell, a corrections deputy did not enter the unit to escort him out.
- Sgt. Glass questioned inmate Boyd if he alerted the staff as to Byrd's mannerisms. Inmate Boyd stated that he did not and was hoping that situation would resolve itself.

(Doc. 52 – Ex. 2).  The report concludes that "[t]here were no known indicators to Correctional Deputies that would suggest inmate Byrd was in distress or in need of medical attention." Id.  Plaintiff has not offered any evidence that varies from the investigation report and has not offered any evidence to show individualized, culpable conduct on behalf of Wickersham or Lagerquist.

### III.   LEGAL STANDARD

#### A. *Summary Judgment*

A motion for summary judgment will be granted if the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).  In doing so, the Court "must view the evidence in the light most favorable to the non-moving party." Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc., 69 F.3d 98, 101–02 (6th Cir. 1995).  "The evidence of the non-movant is to be believed, and all justifiable

4

inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)).

B. *42 U.S.C. § 1983*

To hold Wickersham and Lagerquist liable in their individual capacity, Plaintiff must satisfy the standard of "deliberate indifference." See, e.g. County of Sacramento v. Lewis, 523 U.S. 833, 853 (1998) (evaluating a "shocks the conscience" claim under a deliberate indifference standard); Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011) (evaluating a "failure to protect" claim under a deliberate indifference standard); Richmond v. Huq, 885 F.3d 928, 937–938 (6th Cir. 2018) (evaluating a prisoner's constitutional claim for *deliberately indifferent* medical care). To satisfy a standard of deliberate indifference, Plaintiff must show that a prison official "knew or disregard[ed] an excessive risk to inmate health or safety." Richmond, 885 F.3d at 939 (quoting Farmer, 511 U.S. 825, 837 (1994)). Alleging "[a]n official's failure to alleviate a significant risk that he should have perceived but did not" is insufficient. Id. (quoting Farmer, 511 U.S. at 838). Specifically, "[a] plaintiff's assertion that officers should have known that a pretrial detainee had ingested drugs does not suffice to establish a claim of deliberate indifference." Border, 414 Fed.Appx. at 837 (citing Weaver v. Shadoan, 340 F.3d 398, 411 (6th Cir. 2003); Watkins, 273 F.3d at 686). "Thus, a pretrial detainee's generalized state of intoxication, without more, is insufficient to establish a serious medical need or an officer's deliberate indifference to a substantial risk of serious harm to a detainee." Id. (citing Meier v. Cnty. of Presque Isle, 376 Fed.Appx. 524, 528–529 (6th Cir. 2010) (unpublished).

5

### IV.     ANALYSIS

Here, Plaintiff has only said that there was an overdose, and some generalized knowledge by Wickersham and Lagerquist that the jail has difficulties combating the prevalence of narcotics possession (Doc. 52 – Ex. 4).  The evidence does not suggest that either Wickersham or Lagerquist were aware that Byrd was intoxicated and in need of medical attention (Doc. 52 – Ex. 2).  As stated above, when jail employees would check on Byrd, he would "snap out of it" and act normal. Id.  Without proof that Wickersham or Lagerquist were on notice of some significant risk to Byrd's well-being, there can be no evidentiary inference of subjective indifference. See Border, 414 Fed.Appx. at 837.  Because actual knowledge of a particularized risk is required to hold Wickersham and Lagerquist liable under the Constitution, Plaintiff's generalized allegation that Defendants "were on notice of the propensity for illegal contraband to be present" is not sufficient to sustain her constitutional claims. (Doc. 10 - ¶41).

### V. CONCLUSION

For the reasons stated above, the Motions for Summary Judgment (Doc. 48, 49) are GRANTED and this case is DISMISSED.

SO ORDERED.

                                                  s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2018
Detroit, Michigan